Brent A. Hawkins (CSB # 314266)
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: (415) 442-1000
Fax: (415) 442-1001
brent.hawkins@morganlewis.com

Kevin J. Post (*pro hac vice* forthcoming)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000
Fax: (212) 596-9090
kevin.post@ropesgray.com

\**Additional counsel on signature page*

*Attorneys for Applicants*
***HP Inc. and HP Deutschland GmbH***

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in Foreign Proceedings of<br><br>HP Inc. and HP Deutschland GmbH,<br><br>         Applicants. | Case No. 5:24-mc-80120<br><br>***EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

Applicants HP Inc. and HP Deutschland GmbH (collectively, "HP") hereby move this Court for an *Ex Parte* Order, pursuant to 28 U.S.C. § 1782, authorizing discovery from Nokia Technologies Oy for use by HP in in foreign patent proceedings pending in the Munich Regional Court in the Federal Republic of Germany. Attached hereto is a proposed form of subpoena *duces tecum* for the documents identified in **Exhibit A**. Also attached hereto are an accompanying Memorandum in Support of this Application, a proposed Order, and the supporting declarations of Stephan Dorn and Kevin J. Post.

**HP's Application Pursuant to 28 U.S.C. § 1782**

**TABLE OF CONTENTS**

I. Introduction ............................................................................................................................. 1

II. Relevant Background ............................................................................................................. 2

III. Information Requested ........................................................................................................... 3

IV. Argument ................................................................................................................................ 4

    A. Legal Standard ............................................................................................................ 4

    B. The Statutory Requirements of 28 U.S.C. § 1782 Are Satisfied Here ....................... 5

        1. Nokia Is "Found" in this District .................................................................... 5

        2. The Discovery Requested Is for Use in the German Proceedings ................ 5

        3. HP Is an "Interested Person" in the German Proceedings ............................. 6

    C. The Discretionary *Intel* Factors Weigh in Favor of Granting the Application ......... 6

        1. The Discovery Sought Is Unavailable in the German Proceedings ............... 6

        2. There Is No Reason the Foreign Courts Would Object To § 1782 Aid ........ 7

        3. The Application Does Not Circumvent Foreign Discovery Restrictions ...... 8

        4. The Requested Discovery Is Not Unduly Intrusive or Burdensome ............. 8

V. Conclusion .............................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
    633 F.3d 591 (7th Cir. 2011) .................................................................................................. 8

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) ........................................................................................................ *passim*

*IPCom GmbH & Co. KG v. Apple Inc.*,
    61 F. Supp. 3d 919 (N.D. Cal. 2014) ...................................................................................... 4

*LEG Q LLC v. RSR Corp.*,
    No. 3:17-cv-1559-N-BN, 2017 WL 3780213 (N.D. Tex. Aug. 31, 2017) .............................. 6

*Maxell, Ltd. v. Apple Inc.*,
    No. 5:19-CV-00036-RWS, 2021 WL 3012355 (E.D. Tex. Jan. 27, 2021) ............................. 9

*In re Med. Inc. Ass'n Smile Create*,
    547 F. Supp. 3d 894 (N.D. Cal. 2021) .................................................................................... 8

*Palantir Techs., Inc. v. Abramowitz*,
    415 F. Supp. 3d 907 (N.D. Cal. 2019) ................................................................................ 6, 7

*In re Qualcomm Inc.*,
    162 F. Supp. 3d 1029 (N.D. Cal. 2016) .............................................................................. 5, 7

*In re Qualcomm Inc.*,
    No. 5:24-mc-80019-EJD, 2024 WL 536355 (N.D. Cal. Feb. 9, 2024) ................................... 4

*In re Super Vitaminas, S.A.*,
    No. 17-mc-80125-SVK, 2017 WL 5571037 (N.D. Cal. Nov. 20, 2017) ................................ 5

*In re Thales DIS AIS Deutschland GmbH*,
    No. 3:21-MC-303-S, 2021 WL 7707268 (N.D. Tex. Nov. 5, 2021) ....................................... 7

*In re TPK Touch Sols. (Xiamen) Inc.*,
    No. 16-mc-80193-DMR, 2016 WL 6804600 (N.D. Cal. Nov. 17, 2016) ............................... 5

*In re Varian Med. Sys. Int'l AG*,
    No. 16-mc-80048-MEJ, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016) ................................. 7

**Statutes**

28 U.S.C. § 1782 .......................................................................................................... *passim*

I.  INTRODUCTION

This Application under 28 U.S.C. § 1782 relates to litigation that Nokia Technologies Oy ("Nokia") is pursuing in Europe.  Applicants HP Inc. and HP Deutschland GmbH (collectively, "HP") spent years negotiating with Nokia toward a license to certain Nokia patents, before Nokia went silent in 2022.  Then, over a year later, Nokia sued HP and its affiliates in jurisdictions around the world, including the United States, Europe, and Brazil.  Among these suits are two proceedings involving European Patents that are pending in the Munich Regional Court in the Federal Republic of Germany (collectively, the "German Proceedings").  In the German Proceedings, Nokia alleges that HP infringes certain patents that Nokia has declared essential to the H.265 video coding standard set by the International Telecommunications Union (the "Relevant Standard").  HP seeks the discovery requested in the Application under § 1782 in support of HP's defenses in the German Proceedings.

This Application meets all statutory requirements of § 1782.  *First*, Nokia is "found" in this district under § 1782 because, although it is a Finnish corporation, it has U.S. offices in San Francisco and Sunnyvale, California, both in this District.  *Second*, the requested discovery is "for use in a proceeding before a foreign tribunal" because HP seeks the requested discovery for use in support of its defenses in the German Proceedings.  *Third*, HP is an "interested person" under § 1782 because it is a defendant in both of the German Proceedings.

The discretionary *Intel* factors also weigh in favor of granting the Application.  *First*, although Nokia is a participant in the German Proceedings, that does not bar § 1782 aid because the discovery sought is likely not obtainable (but is also not prohibited) in the German Proceedings.  *Second*, absent explicit objection from the courts in Germany, there is no reason to believe these courts would object to § 1782 aid or reject the evidence sought.  *Third*, similarly, the Application is not an attempt to circumvent proof-gathering restrictions in the German Proceedings; rather, the requested discovery would supplement, not circumvent, discovery in those cases.  *Fourth*, and finally, the requested discovery is not unduly intrusive or burdensome, because HP's requested

discovery is limited to documents that Nokia was already required to produce to HP—and indeed did produce—in proceedings before the U.S. International Trade Commission ("ITC").[1]

## II. RELEVANT BACKGROUND

Standard-setting organizations ("SSO") develop technical standards to increase interoperability and encourage innovations that lead to an increase in competition and improved products for consumers. One such SSO is the International Telecommunications Union ("ITU"), whose Telecommunications Standardization sector ("ITU-T") developed and published the H.265 Relevant Standard for video coding at issue in this case. *See* Declaration of Stephan Dorn ("Dorn Decl.") ¶ 6.

Nokia participated in the development of the Relevant Standard, and it owns many patents that it has declared essential to the Relevant Standard. Among Nokia's allegedly essential patents are several U.S. patents that Nokia has asserted against HP in the District of Delaware (Civil Action No. 23-cv-1237-GBW) and the ITC (Inv. Nos. 337-TA-1379, -1380), a Brazilian patent that Nokia has asserted against HP's Brazilian affiliate, and European patents that Nokia has asserted against HP in the German Proceedings. *See* Declaration of Kevin J. Post ("Post Decl.") ¶¶ 6-8. By declaring its patents essential, Nokia committed to grant licenses to its essential patents on reasonable and non-discriminatory ("RAND") terms. *Id.* ¶ 4.

Nokia first contacted HP in October 2019 regarding a possible license to Nokia's patents, with negotiations relating to the Relevant Standard commencing in 2021. Post Decl. ¶ 4. The parties negotiated toward a license until August 2022, when HP proposed a phone call, and Nokia never responded. *Id.* ¶¶ 5-6. Nokia remained silent for over a year before initiating a global litigation campaign alleging infringement of Nokia's patents declared essential to the Relevant Standard and other standards, including the cases noted above in the United States and Brazil, and the German Proceedings in Europe. *Id.* ¶¶ 6-8. The German Proceedings relevant to this Application are two patent infringement cases seated in Munich, Germany, before the Munich I Regional Court—Case

---

[1] As explained further below, the protective orders governing discovery in those ITC proceedings prevent HP from using the Nokia-produced documents in the German Proceedings.

HP'S APPLICATION PURSUANT TO 28 U.S.C. § 1782    2

Nos. 7 O 14901/23 and 7 O 14902/23, in which Nokia asserts European Patents EP 2 774 375 and EP 2 375 749, respectively, against HP.  Dorn Decl. ¶¶ 7-8.

In both of the German Proceedings, HP's defenses include arguments related to Nokia's conduct in licensing its patents declared essential to the Relevant Standard, as well as the appropriate royalty rate (RAND or otherwise) if HP is found to infringe the Nokia patents asserted in the German Proceedings.  Dorn Decl. ¶ 10.

### III. INFORMATION REQUESTED

To support HP's defenses in the German Proceedings, HP seeks the documents identified in the document requests included in the form subpoena *duces tecum* attached hereto as **Exhibit A**.

The requested documents include (1) Nokia's license agreements related to the patents asserted in the German Proceedings or otherwise declared essential to the Relevant Standard, (2) Nokia's documents and communications related to the negotiation of those license agreements, and (3) Nokia's documents related to the royalties received under those license agreements.  These requested documents are relevant to determining the appropriate royalty rate (RAND or otherwise) for any of Nokia's patents that HP is found to infringe and for evaluating whether Nokia complied with its RAND obligations.  Dorn Decl. ¶¶ 10-13.

Notably, the document requests in Exhibit A are identical to document requests that HP already served on Nokia in both pending investigations before the ITC.  Post Decl. ¶ 11.  Fact discovery has ended in one of those investigations (Inv. No. 337-TA-1379) and will end soon (on May 22, 2024) in the other (Inv. No. 37-TA-1380).  *Id.* ¶ 12.  Critically, Nokia has produced most of the documents requested in this Application in the ITC proceedings (including, as represented in those actions, all of the requested license agreements), and it is in the process of completing its production in the next few weeks.  *Id.*  But the protective orders in those ITC proceedings only permit HP to use those documents in the ITC proceedings.  *Id.* ¶ 13.  HP's counsel in Germany has requested that Nokia voluntarily produce the requested documents for use in the German Proceedings, but Nokia has declined to do so.  Dorn Decl. ¶¶ 10-11.

If the Court grants the Application, HP would be amenable to a similar protective order limiting HP's use of the requested documents to the German Proceedings.  Dorn Decl. ¶ 14.  A

HP'S APPLICATION PURSUANT TO 28 U.S.C. § 1782     3

proposed protective order is attached hereto as **Exhibit B**. The proposed protective order is based on the protective orders in the ITC proceedings, which are attached hereto as **Exhibit C** and **Exhibit D**. *See* Post Decl. ¶¶ 14-16.

IV.     ARGUMENT

    A.     Legal Standard

Under 28 U.S.C. § 1782, the Court may order the production of documents or testimony for use in a foreign legal proceeding before a foreign or international tribunal. 28 U.S.C. § 1782(a).

Before the Court can order discovery under § 1782, three statutory requirements must be met: (1) the discovery is sought from a person who "resides or is found in" the district of the court to which the application is made; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the applicant, if a private party, is an "interested person." *Id.*; *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246 (2004).

If the statutory requirements are met, the Court "retains discretion in determining whether to grant an application under § 1782(a) and may impose conditions it deems desirable." *In re Qualcomm Inc.*, No. 5:24-mc-80019-EJD, 2024 WL 536355, at *2 (N.D. Cal. Feb. 9, 2024) (citing *Intel*, 542 U.S. at 260-61). In *Intel*, the Supreme Court identified four discretionary factors for district courts to consider when ruling on a § 1782 application: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the § 1782(a) request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-66.

Applications under § 1782 are typically decided *ex parte* because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)).

HP'S APPLICATION PURSUANT TO 28 U.S.C. § 1782     4

### B. The Statutory Requirements of 28 U.S.C. § 1782 Are Satisfied Here

The Application meets all statutory requirements of § 1782, because (1) Nokia is "found" in this district under § 1782 because it has two U.S. offices in this District—in San Francisco and Sunnyvale, California; (2) HP seeks the requested discovery "for use in" support of its defenses in the German Proceedings; and (3) is an "interested person" under § 1782 because it is a defendant in both of the German Proceedings.

#### 1. Nokia Is "Found" in this District

Nokia is "found" in this District because it has two offices in this District. Nokia is a Finnish corporation with six offices—three in Finland, one in the United Kingdom, and two in the United States. *See* https://www.nokia.com/fi_fi/nokia-technologies-contact-information/ (last accessed May 14, 2024). Both of Nokia's U.S. offices are in this District, in San Francisco and Sunnyvale, California. *Id.* In this District, courts have determined that parties are "found" within the district where "they conduct systematic and continuous local activities in this district." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036-38 (N.D. Cal. 2016). Maintaining an office in the District satisfies this requirement. *See, e.g.*, *In re Super Vitaminas, S.A.*, No. 17-mc-80125-SVK, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (finding that an office within the district satisfies the requirement); *In re TPK Touch Sols. (Xiamen) Inc.*, No. 16-mc-80193-DMR, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016) (finding subpoenaed party was "found" within the district because it maintained an in-district office). Because Nokia has two offices in this District—its only two offices in the United States—it is "found" in this District, and the first statutory requirement is met. 28 U.S.C. § 1782(a).

#### 2. The Discovery Requested Is for Use in the German Proceedings

The discovery requested is sought for use in the German Proceedings. Specifically, as explained above, Nokia has sued HP in both of the currently pending Munich-based cases that compose the German Proceedings. Dorn Decl. ¶ 8. HP will use the requested discovery to support its defenses in each of those cases. *Id.* ¶¶ 10-13. Because HP requests discovery "for use in" the German Proceedings, the second statutory requirement is met. 28 U.S.C. § 1782(a).

### 3. HP Is an "Interested Person" in the German Proceedings

HP is an "interested person" because it is the defendant in the German Proceedings. Dorn Decl. ¶¶ 1, 6. "A litigant in a foreign action qualifies as an 'interested person' under Section 1782." *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 911 (N.D. Cal. 2019) (citing *Intel*, 542 U.S. at 256). The third and final statutory requirement is therefore met. 28 U.S.C. § 1782(a).

### C. The Discretionary *Intel* Factors Weigh in Favor of Granting the Application

Because the statutory requirements are met, the Court has "wide discretion to grant" the Application. *Palantir*, 415 F. Supp. 3d at 911 (citing *Intel*, 542 U.S. at 260-61). Moreover, each of the discretionary *Intel* factors also weighs in favor of granting the Application, because (1) although Nokia is a participant in the German Proceedings, the discovery sought is likely not obtainable (but is also not prohibited) in the German Proceedings; (2) there is no reason to believe the courts in the German Proceedings would object to § 1782 aid or reject the evidence sought; (3) similarly, the Application is an attempt to supplement, not circumvent, discovery in the German Proceedings; and (4) the requested discovery is not unduly intrusive or burdensome, because HP's requested discovery is limited to documents that Nokia was already required to HP in proceedings before the ITC.

#### 1. The Discovery Sought Is Unavailable in the German Proceedings

The first *Intel* factor—connection to the foreign proceeding—weighs in favor of granting the Application. Although Nokia is a participant (the plaintiff) in both of the German Proceedings, this does not bar discovery under § 1782, because the discovery sought is unavailable in the German Proceedings. There is "no rule that 1782 applications can only be granted where the party from whom discovery is sought is not a party to the foreign proceeding." *Palantir*, 415 F. Supp. 3d at 912. Instead, the party's "connection to the foreign proceeding is part of a broader inquiry: whether the discovery is outside the foreign tribunal's jurisdictional reach, and thus unobtainable absent § 1782(a) aid." *LEG Q LLC v. RSR Corp.*, No. 3:17-cv-1559-N-BN, 2017 WL 3780213, at *8 (N.D. Tex. Aug. 31, 2017) (internal quotation marks and citations omitted); *see also Intel*, 542 U.S. at 260-61 (explaining that Congress did not intend to create a "foreign-discoverability" rule).

The discovery sought is likely to be unavailable from the courts in the German Proceedings. U.S. courts have found that German courts will generally only require production of specifically identified documents, and possibly only documents located in Germany. *See, e.g.*, *In re Thales DIS AIS Deutschland GmbH*, No. 3:21-MC-303-S, 2021 WL 7707268 (N.D. Tex. Nov. 5, 2021) (citing *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 596 (7th Cir. 2011)); *Palantir*, 415 F. Supp. 3d at 913 (finding that the German court could not compel discovery but could "only request the submission of documents particularly specified or referred by a party"). The same is true of the Munich-seated courts in the German Proceedings here. Dorn Decl. ¶¶ 15-17. HP has requested that Nokia voluntarily produce the requested documents for use in the German Proceedings, but Nokia has declined to do so. *Id.* ¶ 11.

Because the courts in the German Proceedings cannot compel the discovery sought in the Application, the first *Intel* factor weighs in favor of granting the Application.

### 2. There Is No Reason the Foreign Courts Would Object To § 1782 Aid

The second *Intel* factor—the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"—also weighs in favor of granting the Application. "Courts conducting this analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In re Qualcomm*, 162 F. Supp. 3d at 1040. "In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (internal quotation marks omitted).

Here, the discovery sought is relevant to the defenses that HP has raised in the German Proceedings. *See* Dorn Decl. ¶¶ 10-13. Specifically, the license agreements, negotiation documents, and royalty rate documents that HP seeks will be relevant to HP's defenses regarding Nokia's misconduct in attempting to license its patents declared essential to the Relevant Standard at supra-RAND rates, as well as the appropriate royalty rate (RAND or otherwise) if HP is found to infringe the Nokia patents asserted in the German Proceedings. *Id.* ¶ 12. HP is not aware of any

reason that any of the courts in the German Proceedings would reject such evidence relevant to HP's properly raised defenses. *See id.* ¶¶ 18-22 (explaining that the German courts are receptive to discovery obtained under § 1782); *see also Heraeus Kulzer*, 633 F.3d at 597 ("[T]here is nothing to suggest that the German court would be affronted by [the applicant's] recourse to U.S. discovery or would refuse to admit any evidence, or at least any probative evidence . . . that the discovery produced.")

Because the requested discovery is relevant to HP's defenses in the German Proceedings, and there is no indication that the courts in the German Proceedings would not be receptive to this evidence, the second *Intel* factor weighs in favor of granting the Application.

### 3. The Application Does Not Circumvent Foreign Discovery Restrictions

The third *Intel* factor—whether the applicant seeks "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"—also weighs in favor of granting the Application. "Courts have found that this factor weighs in favor of discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign proof-gathering restrictions." *In re Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal. 2021) (internal quotation marks and citations omitted). The party seeking discovery need not establish that the information sought would be discoverable under the foreign court's laws or that the U.S. would permit the discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 260-61.

The Application is not an attempt to circumvent any proof-gathering restrictions of any court, nor would it have that effect. HP is not aware of any such restrictions imposed in the German Proceedings. Dorn Decl. ¶¶ 20-21 (explaining that no rule in the German courts prohibits a party from seeking evidence, or using evidence obtained, pursuant to § 1782). The third *Intel* factor weighs in favor of granting the Application.

### 4. The Requested Discovery Is Not Unduly Intrusive or Burdensome

Finally, the fourth *Intel* factor—whether the requested discovery is "unduly intrusive or burdensome"—also weighs in favor of granting the Application. The proposed subpoena *duces tecum* to Nokia in Exhibit A seeks only a narrow set of clearly defined and closely related license

agreements, negotiation documents, and royalty rate documents—all of which have been or are being produced by Nokia in the pending ITC proceedings. Post Decl. ¶¶ 11-12.

The burden on Nokia is minimal—each of the document requests is identical to a document request that HP already served on Nokia in the pending ITC investigations before the ITC (though the definitions governing the requests are slightly revised to account for the different forum and the different asserted patents). Post Decl. ¶ 11. Fact discovery has ended in one of those investigations (Inv. No. 337-TA-1379) and is ending soon in the other (Inv. No. 337-TA-1380), so Nokia has already produced or is producing the very documents requested in this Application. *Id.* ¶ 12. The only reason this Application is necessary at all is because the protective orders in those ITC proceedings prevent HP from using documents in the ITC investigations in other contexts, including the German Proceedings. *Id.* ¶ 13. All Nokia would need to do in response to the requested discovery would be to re-produce documents it has produced in the ITC proceedings. "These materials have already been produced, so there is little left for [Nokia] to do." *Maxell, Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2021 WL 3012355, at *4 (E.D. Tex. Jan. 27, 2021).

Finally, as noted above, if the Court grants the Application, HP would be amenable to a similar protective order restricting HP from using the requested documents outside of the German Proceedings. Dorn Decl. ¶ 14. Because Nokia will not be unduly burdened by the requested discovery, and any confidentiality concerns can be addressed through a protective order if needed, the fourth *Intel* factor weighs in favor of granting the Application.

## V. CONCLUSION

Because the Application meets the requirements of 28 U.S.C. § 1782, and the discretionary *Intel* factors weigh in favor granting the Application, HP respectfully requests that the Court issue an *Ex Parte* Order granting the Application and authorizing the issuance of the subpoena *duces tecum* in the form attached to the Application as Exhibit A.

| | |
|---|---|
| 1   Dated: May 15, 2024 | By: */s/ Brent A. Hawkins* |
| 2 | Brent A. Hawkins (CSB # 314266) |
|   | **MORGAN, LEWIS & BOCKIUS LLP** |
|   | One Market, Spear Street Tower |
|   | San Francisco, CA 94105-1596 |
|   | Tel: (415) 442-1000 |
|   | Fax: (415) 442-1001 |
|   | brent.hawkins@morganlewis.com |

Dated: May 15, 2024

By: */s/ Brent A. Hawkins*

Brent A. Hawkins (CSB # 314266)
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: (415) 442-1000
Fax: (415) 442-1001
brent.hawkins@morganlewis.com

Rick L. Rambo (*pro hac vice* forthcoming)
David J. Levy (*pro hac vice* forthcoming)
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana St., Suite 4000
Houston, TX 77002-5006
rick.rambo@morganlewis.com
david.levy@morganlewis.com

Kevin J. Post (*pro hac vice* forthcoming)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000
Fax: (212) 596-9090
kevin.post@ropesgray.com

Matthew J. Rizzolo (*pro hac vice* forthcoming)
Ryan C. Brunner (*pro hac vice* forthcoming)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, NW
Washington, D.C. 20006-6807
Tel: (202) 508-4600
Fax: (202) 508-4650
matthew.rizzolo@ropesgray.com
ryan.brunner@ropesgray.com

*Attorneys for Applicants*
***HP Inc. and HP Deutschland GmbH***

HP'S APPLICATION PURSUANT TO 28 U.S.C. § 1782      10