Brent A. Hawkins (CSB # 314266)
**MORGAN, LEWIS & BOCKIUS LLP**
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel: (415) 442-1000
Fax: (415) 442-1001
brent.hawkins@morganlewis.com

Kevin J. Post (*pro hac vice* forthcoming)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000
Fax: (212) 596-9090
kevin.post@ropesgray.com

*Attorneys for Applicants*
*HP Inc. and HP Deutschland GmbH*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in Foreign Proceedings of<br><br>HP Inc. and HP Deutschland GmbH,<br><br>Applicants. | Case No. 5:24-mc-80120<br><br>**DECLARATION OF KEVIN J. POST IN SUPPORT OF EX PARTE APPLICATION OF HP INC. AND HP DEUTSCHLAND GMBH FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

Pursuant to 28 U.S.C. § 1746, I, Kevin J. Post, declare as follows:

1. I am an attorney admitted to practice law in the State of New York and the District of Columbia. I am a partner at the law firm of Ropes & Gray LLP, counsel for HP Inc. and HP Deutschland GmbH (individually and collectively, "HP") in the above-captioned proceeding pursuant to 28 U.S.C. § 1782.

2. I submit this Declaration in support of HP's *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proceedings (the

"Application"). I make this Declaration based on my own personal knowledge and documents that I have reviewed.

3. I have been engaged to represent HP in negotiations with Nokia Technologies Oy ("Nokia") since November 2020.

4. I understand that Nokia first contacted HP regarding a possible license to its patents in late 2019. In 2021, those discussions expanded to include Nokia's patents that Nokia purports are essential to the H.265 video coding standard (also known as High Efficiency Video Coding, or HEVC), which was developed and published by the International Telecommunications Union's Telecommunications Standardization sector, with Nokia's participation. By declaring its patents essential, Nokia committed to grant licenses to its essential patents on reasonable and non-discriminatory ("RAND") terms.

5. The parties continued negotiations toward a license until August 2022. By email on August 1, 2021, HP proposed a phone call on August 12, 2022, with specific proposed discussion topics.

6. Nokia never responded to HP's August 1, 2022, request for a phone call. Instead, Nokia remained silent for over a year before initiating patent infringement litigation in several jurisdictions around the world, including in the United States, Brazil, and Germany.

7. In the United States, Nokia asserts that HP has infringed several U.S. patents that Nokia alleges are essential to the H.264 and H.265 video coding standards. Nokia first sued HP in the District of Delaware in Civil Action No. 23-cv-1237-GBW. Then, Nokia and its ultimate parent entity, Nokia Corporation, sued HP in the International Trade Commission ("ITC"), in ITC Inv. No. 337-TA-1379 and ITC Inv. No. 337-TA-1380 (collectively, the "ITC Proceedings").

8. In Germany, Nokia asserts that HP has infringed European patents that Nokia alleges are essential to the H.265 video coding standard. I understand that Nokia has filed two patent infringement cases against HP in Germany in the Munich I Regional Court: Case No. 7 O 14901/23 (asserting European Patent EP 2 774 375) and Case No. 7 O 14902/23 (asserting European Patent EP 2 375 749) (collectively, the "German Proceedings").

9. In the proposed subpoena *duces tecum* attached to HP's Application as **Exhibit A**, HP seeks specific documents related to Nokia's patents and the H.265 standard that I understand are at issue in the German Proceedings: Nokia's license agreements related to the Nokia patents asserted in the German Proceedings or otherwise declared essential to the H.265 standard, Nokia's documents and communications related to the negotiation of those license agreements, and Nokia's documents related to the royalties received under those license agreements.

10. If HP's Application is granted, HP would be willing to enter a protective order limiting HP's use of the requested documents to the German Proceedings. A proposed protective order is attached to the Application as **Exhibit B**.

11. The document requests in Exhibit A are substantively identical to document requests served by HP to Nokia in the ITC Proceedings. The only differences are that the definitions governing the requests are slightly revised to account for the different forum (this Court and the courts in Germany, instead of the ITC) and the different asserted patents (the European patents asserted in the German Proceedings, instead of the U.S. patents asserted in the ITC Proceedings). Because of the different asserted patents and the focus on the H.265 standard only in the German Proceedings, the definitions governing the requests are also limited to the H.265 standard (instead of both H.264 and H.265).

12. Because HP already requested these documents in the ITC Proceedings, Nokia already has produced, or is in the process of producing, the documents requested in Exhibit A. Fact discovery has already ended in ITC Inv. No. 337-TA-1379, and fact discovery ends on May 22, 2024, in ITC Inv. No. 337-TA-1380.

13. However, the protective orders in the ITC Proceedings only permit HP to use those documents in the ITC Proceedings, and not in any other in any other contexts outside the ITC Proceedings, including other litigations such as the German Proceedings.

14. A true and correct copy of the Protective Order in ITC Inv. No. 337-TA-1379 is attached hereto as **Exhibit C**.

15. A true and correct copy of the Protective Order in ITC Inv. No. 337-TA-1380 is attached hereto as **Exhibit D**.

16. The proposed protective order in Exhibit B is based on the protective orders in the ITC Proceedings, with the revisions necessary to limit HP's use of documents produced in response to Exhibit A to the German Proceedings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of May 2024, in New York, NY.

                                                Kevin J. Post
                                                ROPES & GRAY LLP
                                                1211 Avenue of the Americas
                                                New York, NY 10036-8704
                                                Tel: (212) 596-9181
                                                Fax: (212) 596-9090
                                                kevin.post@ropesgray.com