# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. |
| | ) |
| _____ | ) |
| Defendant | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

For purposes of the Requests below, the following terms shall have the following meanings:

1. "Nokia," "You," and "Your" means Nokia Technologies OY, including without limitation all of its corporate locations, and all predecessors, predecessors in-interest, successor companies, wholly or partially owned subsidiaries, parents, divisions and past and present affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, agents, accountants, attorneys, entities acting in joint venture, licensing agreements, or partnership relationships with Nokia, and others acting on behalf of Nokia.

2. "HP" means HP Inc. and HP Deutschland GmbH.

3. "EP 375" means European Patent EP 2 774 375, including any corrections, reexaminations, or applications thereof, which Nokia has asserted against HP in Munich I Regional Court, Case No. 7 O 14901/23.

4. "EP 749" means European Patent EP 2 375 749, including any corrections, reexaminations, or applications thereof, which Nokia has asserted against HP in Munich I Regional Court, Case No. 7 O 14902/23.

5. "Asserted Patents" means each and any of EP 375 and EP 749. The term "Asserted Patents" includes each patent individually and all combinations and sub-combinations of the patents collectively.

6. "Related Patent(s)" shall include, whether or not abandoned and whether or not issued, (a) any patent or patent application that claims priority to any of the Asserted Patents or that shares the same specification, (b) any patent or patent application that claims priority from any patent or patent application on which any of the Asserted Patents claims priority, (c) any patent or patent application on which any of the Asserted Patents depends for priority, (d) any patent or patent application identified in the section of a patent that indicates whether the patent or patent application is related to any other patent or patent application, for any of the Asserted Patents, (e) any patent or patent application that claims priority from any patent or patent application identified in the section of a patent that indicates whether the patent or patent application is related to any other patent or

patent application, for any of the Asserted Patents, (f) any foreign counterpart patent or foreign counterpart application of any of the Asserted Patents or the aforementioned patents or patent applications (a foreign counterpart patent and foreign counterpart application shall include any foreign patent or foreign patent application in which a claim for priority has been made in either a U.S. application or a foreign application based on the other, or that the disclosures of the U.S. and foreign patent applications are substantively identical).

7.   "Standard Setting Organization" or "SSO" means any organization that creates, authorizes, and/or develops technical standards, including but not limited to ISO, IEC, ITU, ETSI, ATSC, and/or 3GPP.

8.   "Essential" or "Essentiality" when used in connection with a technology standard or a patent shall have the meaning given to it by the relevant patent or intellectual property rights policy of the Standard Setting Organization responsible for that standard.

9.   "Relevant Standard" means one or more of the standards identified as High Efficiency Video Coding (HEVC), H.265, and ISO/IEC 23008-2, including any versions thereof.

10.   The term "Nokia-SEP" shall mean a patent or patent application which Nokia believes is or may become Essential to one or more of the Relevant Standards or which Nokia has declared as Essential or potentially Essential to one or more of the Relevant Standards.

11.   "Document" or "thing" is defined broadly to be given the full scope of that term as contemplated in Rules 26 and 34 of the Federal Rules of Civil Procedure and shall include any written, printed, recorded, or graphic matter that is or has been in Nokia's actual or constructive possession or control, regardless of the medium on which it is produced, reproduced, or stored, including without limitation anything that can be classified as a "writing," "original," or "duplicate." Any document bearing marks, including without limitation initials, stamped indicia, comments or notations not a part of the original text or photographic reproduction thereof, is a separate document.

12.   "Communication(s)" means any oral, written, or other contact between two or more persons or entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including letters, memoranda, telegrams, telefaxes,

telecopies, telexes or emails, text messages, face-to-face meetings, telephone conversations, voicemails, answering machine messages, and telephonic notes.

13.     "Relate To," "Relating To," or "Related To," means directly or indirectly mentioning or describing, pertaining to, being connected with, or reflecting upon a subject matter.

14.     "Concerning" means concerning, regarding, describing, comprising, referring to, Related To, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in relation to, discussing, showing, describing, reflecting, analyzing, constituting, or being.

15.     The term "identify," or "identity" means to state:

        a.     in the case of an entity, its full name, present or last known address, the name under which it was organized, and the identity of persons within the entity most knowledgeable of the subject matter with respect to which the entity is being identified in response to an interrogatory;

        b.     in the case of a natural person, the person's full name, and present or last known address or business affiliation;

        c.     in the case of a communication, its date, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person present when it was made, and the subject matter discussed;

        d.     in the case of a document, the title of the document, the author, the subject matter, and the date of preparation; and

        e.     in the case of an agreement, its date, the identity of all parties to the agreement, the identity of the persons most knowledgeable about the agreement all other persons present when it was made, and the subject matter of the agreement.

16.     The singular form of each word shall be interpreted in the plural as well.

17.     The words "and," "or," and "and/or" shall be construed conjunctively or disjunctively, whichever maximizes the scope of each Request in which they are used.

18.     The words "any" and "all" shall be construed to mean "any and all."

19.     The words "each" and "every" shall be construed to mean "each and every."

20.     The word "including" and every variant thereof shall be construed to mean "including, without limitation."

## INSTRUCTIONS

1.     In answering the following requests, furnish all available information, including information in the possession, custody, or control of Nokia's attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under Nokia's control, who have the best knowledge, not merely information known to Nokia based on Nokia's own personal knowledge.

2.     To the extent any of these instructions or definitions conflict with any stipulation the parties enter into regarding discovery requests, responses, privilege logs, or other discovery procedures, the signed stipulation shall control.

3.     If Nokia claims any information requested in these requests is privileged, immune from discovery, or otherwise not discoverable, please provide all information falling within the scope of the request which is discoverable, and for each item of information to which a claim of privilege or non-disclosure is made, identify such information with sufficient particularity so that the merits of the claim of privilege or non-disclosure may be assessed, such identification to include at least the following: (a) the basis on which the privilege is claimed; (b) the names and positions of the author of the document and all other persons participating in the preparation of the document; (c) the name and position of each individual or other person to whom the document, or a copy thereof, was sent or otherwise disclosed; (d) the date of the document; (e) the general subject matter of the information; (f) a description of any accompanying material transmitted with or attached to such document; and (g) whether any business or non-legal matter is contained or discussed in such a document.

4.     If Nokia cannot answer any request fully and completely after exercising due diligence to make inquiry and secure the information necessary to do so, please so state and answer each such request to the fullest extent Nokia deems possible; specify the portion of each request that Nokia claims to be unable to answer fully and completely; state the facts upon which Nokia relies

1  to support its contention that it is unable to answer the request fully and completely; and state what

2  knowledge, information, or belief Nokia has concerning the unanswered portion of each such

3  request.

4        5.     If any document, thing, or source of information that is identified in answer to a

5  request has been destroyed or lost, or is otherwise missing, state, with regard to such: (a) the date of

6  such destruction or loss; (b) the reason for such destruction or loss; (c) the identity of the person or

7  persons who destroyed or lost the document, thing, or source of information; and (d) the identity of

8  the person or persons who authorized such destruction.

9        6.     Your obligation to respond to these requests is continuing, and your responses must

10  be supplemented to include information you acquire later.

11                                    **REQUESTS**

12       1.     All patent licensing agreements regarding the Asserted Patents and/or any other

13  patents that Nokia has declared or otherwise contends are Essential to practice one or more Relevant

14  Standard.

15       2.     All licenses or agreements entered into with any licensee to one or more Asserted

16  Patents, Related Patents, and Nokia-SEPs, including any documents that reflect, refer, or relate to

17  the licenses, including any drafts or proposed terms of such licenses, and all communications related

18  to the same.

19       3.     All documents and communications concerning or relating to actual or proposed

20  agreements and amendments thereto concerning, or licensing of, one or more of the Asserted

21  Patents, Related Patents, and any Nokia-SEPs, including: any license agreements (including

22  portfolio licenses), settlement agreements, covenants not to sue or a non-litigation, non-assertion

23  and/or pre-assertion clause; negotiations, discussions, offers to license, refusals to license, or other

24  communications concerning licensing of any of the Asserted Patents; licensing programs or

25  licensing activities; any royalties received pursuant to any license; and documents that reflect, refer,

26  or relate to the licenses including any drafts of such licenses.

27       4.     All documents and things concerning or relating to the ownership, title, transfer or

28  assignment of, or any other ownership or financial interest in, any of the Asserted Patents or Related

Patents and any patents or patent applications related to the Asserted Patents or Related Patents, including but not limited to documents referring or relating to any assignments, licenses, indemnification agreements, or any negotiations for actual or proposed transfer of any rights concerning or relating to the Asserted Patents.

5. Documents sufficient to show all efforts made to license the Asserted Patents (or a portfolio of patents that includes the Asserted Patents) to any entity.

6. All documents relating to discussions or negotiations for a license of or agreement to license any Asserted Patent or portfolio including any Asserted Patent (including without limitation, documents reflecting discussions between the parties, licensing presentations, claim charts, and documents identifying the Nokia personnel who negotiated or authorized any such licenses or license agreement).

7. All documents relating to discussions or negotiations for a license or agreement to license any patents or patent applications that have been declared Essential to one or more Relevant Standards (including without limitation, documents reflecting discussions between the parties, licensing presentations, claim charts, and documents identifying the Nokia personnel who negotiated or authorized any such licenses or license agreement).

8. Documents sufficient to show royalties and any other payments paid to Nokia by any licensee or sublicensee, on an annual basis, pursuant to any license or sublicense granted under any of the Asserted Patents or under a portfolio including any Asserted Patents.