# EXHIBIT B

**EXHIBT B**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in Foreign Proceedings of HP Inc. and HP Deutschland GmbH, Applicants. | Case No. 5:24-mc-80120<br><br>**[PROPOSED] PROTECTIVE ORDER** |

This matter comes before the Court in the *Ex Parte* Application of Applicants HP Inc. and HP Deutschland GmbH (collectively, "HP") for an Order pursuant to 28 U.S.C. § 1782, authorizing discovery from Nokia Technologies Oy ("Nokia") for use by HP in in foreign patent proceedings in the Federal Republic of Germany (the "German Proceedings").

The Court, having granted the Application, finds that documents and information may be sought, produced or exhibited by and among the parties to the above captioned proceeding, for use in the German Proceedings, which materials relate to trade secrets or other confidential research, development or commercial information;

IT IS HEREBY ORDERED THAT:

1. Confidential business information is information which concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained.

2. Any information submitted, in pre-hearing discovery or in a pleading, motion, or response to a motion either voluntarily or pursuant to order, in the German Proceedings, which is

asserted by a supplier to contain or constitute confidential business information shall be so designated by such supplier in writing, or orally at a deposition, conference or hearing, and shall be segregated from other information being submitted. Documents shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER," or a comparable notice. Such information, whether submitted in writing or in oral testimony, shall be treated in accordance with the terms of this protective order.

3. In the absence of written permission from the supplier or an order by this Court or the presiding court in one or both of the German Proceedings, any confidential documents or business information submitted in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) outside counsel for parties to the German Proceedings, including necessary secretarial and support personnel assisting such counsel; (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof; (iii) technical experts and their staff who are employed for the purposes of the German Proceedings (unless they are otherwise employed by, consultants to, or otherwise affiliated with a non-governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of the products, devices or component parts which are the subject of this investigation); and (iv) the personnel of this Court or the presiding court in one or both of the German Proceedings.

4. Confidential business information submitted in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3(iii) unless he or she shall have first read this order and shall have agreed in writing: (i) to be bound by the terms thereof; (ii) not to reveal such confidential business information to anyone other than another person designated in paragraph 3; and (iii) to utilize such confidential business information solely for purposes of the German Proceedings

5. If the this Court or the presiding court in one or both of the German Proceedings order, or if the supplier and all parties to the German Proceedings agree, that access to, or dissemination of information submitted as confidential business information shall be made to persons not included in paragraph 3 above, such matter shall only be accessible to, or disseminated to, such

persons based upon the conditions pertaining to, and obligations arising from this order, and such persons shall be considered subject to it, unless this Court or the presiding court in one or both of the German Proceedings finds that the information is not confidential business information as defined in paragraph 1 thereof.

6. Any confidential business information submitted to the presiding court in one or both of the German Proceedings in connection with a motion or other proceeding within the purview of the German Proceedings shall be submitted under seal pursuant to paragraph 2 above. Any portion of a transcript in connection with the German Proceedings containing any confidential business information submitted pursuant to paragraph 2 above shall be bound separately and filed under seal. When any confidential business information submitted in accordance with paragraph 2 above is included in an authorized transcript of a deposition or exhibits thereto, arrangements shall be made with the court reporter taking the deposition to bind such confidential portions and separately label them "CONFIDENTIAL BUSINESS INFORMATION, SUBJECT TO PROTECTIVE ORDER."

Before a court reporter or translator receives any such information, he or she shall have first read this order and shall have agreed in writing to be bound by the terms thereof.

7. The restrictions upon, and obligations accruing to, persons who become subject to this order shall not apply to any information submitted in accordance with paragraph 2 above to which the person asserting the confidential status thereof agrees in writing, or this Court or the presiding court in one or both of the German Proceedings rules, after an opportunity for hearing, was publicly known at the time it was supplied to the receiving party or has since become publicly known through no fault of the receiving party.

8. If a party to this order who is to be a recipient of any business information designated as confidential and submitted in accordance with paragraph 2 disagrees with respect to such a designation, in full or in part, it shall notify the supplier in writing, and they will thereupon confer as to the status of the subject information proffered within the context of this order. If prior to, or at the time of such a conference, the supplier withdraws its designation of such information as being subject to this order, but nonetheless submits such information for purposes of the German

Proceeding; such supplier shall express the withdrawal, in writing, and serve such withdrawal upon all parties. If the recipient and supplier are unable to concur upon the status of the subject information submitted as confidential business information within ten days from the date of notification of such disagreement, any party to this order may raise the issue of the designation of such a status to this Court or the presiding court in one or both of the German Proceedings who will rule upon the matter. This Court or the presiding court in one or both of the German Proceedings may *sua sponte* question the designation of the confidential status of any information and, after opportunity for hearing, may remove the confidentiality designation.

9. No less than 10 days (or any other period of time designated by this Court or the presiding court in one or both of the German Proceedings) prior to the initial disclosure to a proposed expert of any confidential information submitted in accordance with paragraph 2, the party proposing to use such expert shall submit in writing the name of such proposed expert and his or her educational and detailed employment history to the supplier. If the supplier objects to the disclosure of such confidential business information to such proposed expert as inconsistent with the language or intent of this order or on other grounds, it shall notify the recipient in writing of its objection and the grounds therefore prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten days of receipt of such notice of objections, the supplier shall submit immediately each objection to this Court or the presiding court in the relevant one of the German Proceedings for a ruling. The submission of such confidential business information to such proposed expert shall be withheld pending the ruling of this Court or the presiding court in the relevant one of the German Proceedings.

10. If confidential business information submitted in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the supplier and, without prejudice to other rights and remedies of the supplier, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

11. Nothing in this order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by this Court or the presiding court in either or both of the German Proceedings concerning the issue of the status of confidential business information.

12. Upon final termination of the German Proceedings, each recipient of confidential business information that is subject to this order shall assemble and return to the supplier all items containing such information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made. Alternatively, the parties subject to this order may, with the written consent of the supplier, destroy all items containing confidential business information and certify to the supplier (or his counsel) that such destruction has taken place.

13. If any confidential business information which is supplied in accordance with paragraph 2 above is supplied by a nonparty to the German Proceedings, such a nonparty shall be considered a "supplier" as that term is used in the context of this order.

14. Each nonparty supplier shall be provided a copy of this order by the party seeking information from said supplier.

15. HP shall serve a copy of this order upon Nokia.

**IT IS SO ORDERED.**

Dated: _____

_____
United States District Judge