Ryan W. Koppelman (SBN 290704)
Srishti Ghosh (SBN 354393)
**ALSTON & BIRD LLP**
350 South Grand Avenue
51st Floor
Los Angeles, CA 90071
Telephone:  213-576-1000
Facsimile:  213-576-1100
ryan.koppelman@alston.com
maddie.ghosh@alston.com

*Counsel for Nokia Technologies Oy*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in Foreign Proceedings of<br><br>HP Inc. and HP Deutschland GmbH,<br><br><br>         Applicant | Case No. 5:24-mc-80120-BLF<br><br>**NOKIA TECHNOLOGIES OY'S RESPONSE TO HP'S § 1782 APPLICATION** |

I.    **INTRODUCTION**

HP's Section 1782 application does not meet the statutory requirements for a Section 1782 application, and the relevant discretionary factors further disfavor granting HP's application. By statute, a person from whom discovery is sought must reside in or be found in the district where the 1782 application is filed. Nokia Technologies Oy is a Finnish company, incorporated and headquartered in Espoo, Finland. It is not registered to do business in this District, or anywhere else in the United States, and does not maintain any offices or have any employees in this District. Because Nokia Technologies Oy is neither residing in nor found in this District, HP's application must be denied. Furthermore, even if there were a statutory basis for the application, there are also strong discretionary reasons to deny it. HP's 1782 application requests licenses with third parties, royalty reports showing third party sales data, and negotiation communications with third parties, all for use in the Munich Regional Court in Germany, in Case Nos. 7 O 14901/23 and 7 O 14902/23. But HP has already requested that Nokia Technologies Oy produce certain license agreements in those cases from the German Court. HP did not request the royalty reports or negotiation documents from the German Court, and the German Court has already defined the scope of production by ordering which license agreements do and do not need to be produced in those two cases. In that regard, HP's 1728 application improperly attempts to side-step the rulings by the German Court. In addition, the burden on Nokia Technologies Oy and the third parties to produce the requested 1782 discovery is far greater than HP suggests because HP's requested discovery implicates approximately 117 third parties, imposing a burden on Nokia Technologies Oy and all of those third parties because the documents sought include their confidential information that they may seek to protect. To produce everything that HP is now requesting, Nokia Technologies Oy would need to send additional notices providing all of the third parties an opportunity to object and explaining the differences in confidentiality protections in Germany versus the ITC. This is not a mere re-production of documents from the ITC as HP suggests, and the additional burdens on Nokia Technologies Oy and the third parties are disproportionate to the needs of the German cases, especially in light of the German Court's previous ruling on what Nokia Technologies Oy should produce for use in the German Proceedings. Therefore, the discretionary factors weigh against granting HP's application, and the Court should deny HP's

application.

## II.   <u>LEGAL STANDARD</u>

The purpose of 28 U.S.C § 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). Section 1782 sets forth three statutory requirements that must be met for a district court to grant a Section 1782 application: "(1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person." *Olanrewaju Suraju v. YAHOO!, Inc.*, No. 22-mc-80072-SK, 2022 U.S. Dist. LEXIS 147573, at *7 (N.D. Cal. July 13, 2022).

If the three statutory requirements are met, the district court has the discretion to grant a Section 1782 application. *See Olanrewaju Suraju*, U.S. Dist. LEXIS 147573, at *7. In exercising its discretion, a district court considers four discretionary factors, the *Intel* factors, set forth by the Supreme Court: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," and (4) whether the request is otherwise "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

## III.   <u>ARGUMENT</u>

### A.   **Nokia Technologies Oy Does Not Reside and is Not Found in this District.**

Section 1782 requires that "the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made." *Olanrewaju Suraju*, 2022 U.S. Dist. LEXIS 147573, at *7. HP's Section 1782 application fails to establish that Nokia Technologies Oy either resides in or is found in this District. To the contrary and as discussed below, Nokia Technologies Oy's supporting declarations establish that it is neither residing in nor found in this District. As a result, the Court should deny HP's application on this basis alone.

Nokia Technologies Oy is a Finnish company, incorporated in and having its principal place

of business in Finland. Talvimäki Decl. ¶¶ 2-3. It does not maintain any offices in this District nor anywhere else in California or the United States. *Id*. ¶ 8. It is not registered to do business in California or anywhere in the United States. *Id*. ¶ 5. It does not have any employees located in California or anywhere in the United States. *Id*. ¶ 6. It does not own or lease any property in California or anywhere in the United States. *Id*. ¶ 7. Accordingly, Nokia Technologies Oy does not reside, nor is it found, in this District.

HP's 1782 application incorrectly points to a San Francisco office and a Sunnyvale office, which were previously maintained by Nokia of America Corporation, a completely separate and distinct corporate entity, before those offices were closed several years ago. *See* Gelsi Decl. ¶ 5. Nokia of America Corporation's leases for those two addresses ended in November 2020 and April 2022, respectively. *Id*. HP's 1782 application cites, in error, to an outdated website that still lists those two addresses. *See* Dkt. No. 1 at 5. In fact, Nokia of America Corporation currently has only one office in this District located at 520 Almanor Avenue, Sunnyvale, California 94085. *Id.*   HP is apparently aware of this fact because it hand-delivered its Court-ordered service copy to the 520 Almanor Avenue address. *See* Dkt. 4-1. Regardless, Nokia Technologies Oy maintains no offices in the District. Talvimäki Decl. ¶ 8. There is a business unit similarly named "Nokia Technologies," but that business unit is not a legal entity. *Id*. ¶ 9. To the extent any employees happen to work for that business unit in California, they would be employees of Nokia of America Corporation and not Nokia Technologies Oy, and the employees of Nokia of America Corporation in California are not authorized to accept service on behalf of Nokia Technologies Oy. Talvimäki Decl. ¶ 10; Gelsi Decl. ¶ 10.

Under these facts, Nokia Technologies Oy does not reside in and is not found in this District. *See Olanrewaju Suraju*, 2022 U.S. Dist. LEXIS 147573, at *14. In *Olanrewaju Suraju*, this Court denied 1782 discovery because "JP Morgan is a New York corporation with its principal place of business in New York." *Id.* at *7. This Court held that JP Morgan was "therefore not found in this district for purposes of Movants' 1782 application." *Id.* (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014)). For these same reasons, Nokia Technologies Oy does not reside and is not found in this District. *See also In re Super Vitaminas, S.A.*, No. 17-mc-80125-

SVK, 2017 WL 5571037, at *5 (N.D. Cal. Nov. 20, 2017) ("Google is headquartered in this district and "found" here for purposes of § 1782…. Microsoft is also "found" in this district for purposes of § 1782 because it maintains two offices in this District."); *In re TPK Touch Sols. (Xiamen) Inc.*, No. 16-mc-80193-DMR, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016) ("HTC maintains as office in this district and is 'found' here for purposes of Section 1782")); *In re Qualcomm Inc.* 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) (borrowing and applying the outdated pre-*Daimler* general jurisdiction concept of continuous and systematic contacts). Nokia Technologies Oy is a foreign corporation that has no offices, let alone a headquarters, in this District. Accordingly, it does not reside nor is it not found in this District, and the first statutory requirement for a Section 1782 application is not met. Therefore, the Court should deny HP's Section 1782 application.

### B.     The German Court Already Decided What Documents Should Be Produced.

The law is clear that "principles of comity direct this court not to substitute its own judgment for" that of a foreign court. *In re Qualcomm*, 162 F. Supp. at 1040. Here, HP has already requested from the German Court that Nokia Technologies Oy produce certain license agreements in the German Proceedings. HP did not request the royalty reports or negotiation documents from the German Court, and the German Court has already defined the scope of production by ordering which documents do and do not need to be produced in the German Proceedings. This Court should respect that determination out of principles of comity, and for this additional reason, deny HP's application.

Under the discretionary *Intel* factors, the German Court's rulings further cut against the Court granting HP's application. For example, the first *Intel* factor looks at whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. If the respondent is a participant in the foreign proceeding, as is the case here, then this factor cuts against granting the application. This factor can still weigh in favor of granting the application *if* the requested documents are unavailable to the applicant in the foreign jurisdiction. *See id.* But HP made document requests to the German Court, and the German Court already decided what scope of production is appropriate. Arnold Decl. ¶ 5. The German court considered HP's request, granted HP access to approximately 100 licenses, and rejected HP's request as to any other licenses. Arnold Decl. ¶ 6. Accordingly, when HP claimed in its 1782 application that "the discovery sought is unavailable in the German

Proceedings," that was not true. *See* Dkt. No. 1 at 6. HP further claimed it "has requested that Nokia voluntarily produce *the requested documents* for use in the German proceedings, but Nokia has *declined to do so*." *Id.* (emphasis added). This statement by HP is also untrue because "the requested documents" HP sought in Germany did not include the royalty reports or negotiation documents it now requests with its 1782 application. Further, of the licenses HP did request in Germany, Nokia Technologies Oy agreed to produce approximately 100 of them, which the German Court then ordered to be produced. Arnold Decl. ¶ 6. In any event, it is not true, as HP claims, that the discovery requested here is unavailable from the German Court, and this weighs heavily against the granting of HP's 1782 application here under *Intel* Factor 1.

Indeed, "the animating purpose of §1782 is comity." *ZF Auto. US, Inc. v. Luxshare, Ltd*., 596 U.S. 619, 632 (2022). And this Court has held that "principles of comity direct this court not to substitute its own judgment for" that of a foreign entity. *In re Qualcomm*, 162 F. Supp. at 1040. Here, the German Court has ruled on a scope of document production for use in Germany and rejected HP's request of licenses beyond the approximately 100 licenses Nokia Technologies Oy agreed to produce. *See* Arnold Decl. ¶ 6.  Accordingly, principles of comity, consistent with *Intel* Factor 1 direct this Court to not substitute its own judgement where the German Court has already spoken on the matter.[1] Therefore, this factor weighs heavily against granting HP's Section 1782 application.

### C.     The Discovery Sought is Unduly Intrusive or Burdensome.

The fourth *Intel* factor looks at whether the discovery requested is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. The burden of discovery should be proportional to the needs of a case. Fed. R. Civ. P. 26(d)(1). Here, HP's requested discovery would add significant additional burdens that are disproportionate to the needs of the German cases, which the German Court has already considered and decided. For this additional reason, the Court should deny HP's application.

In its 1782 application, HP seeks discovery far beyond the licenses themselves, including royalty reports showing third party sales data, and negotiation communications with third parties.

---

[1] Some courts have considered similar comity issues under *Intel* Factor 3 regarding circumvention of restrictions on foreign proof gathering. *See, e.g., LEG Q LLC v. RSR Corp.*, No. 3:17-cv-1559-N-BN, 2017 U.S. Dist. LEXIS 140280, *27 (N.D. Tex. Aug. 31, 2017). The German Court has not expressly restricted foreign proof gathering here, so *Intel* Factor 3 is not directly on point, but similar logic should apply under principles of comity under at least *Intel* Factor 1 for the reasons stated.

This implicates a large number of third parties, and as a result, a burden far greater than HP suggests. *See* Koppelman Decl. ¶ 2. HP's requested discovery implicates approximately 117 third parties, imposing a burden on Nokia Technologies Oy and all of those third parties because the documents sought include their confidential information that they may seek to protect. To produce everything that HP is now requesting, Nokia Technologies Oy would need to send new, additional notices providing approximately 117 third parties an opportunity to object and explaining the differences in confidentiality protection in Germany versus the ITC. *See* Arnold Decl. ¶ 8. German courts do not have the same confidentiality protections as the ITC. *Id.* In Germany, there is a right for documents filed with the court to be accessible by at least one natural person from each party. *Id.* A German court cannot impose an attorney-eyes only designation to documents produced before the German courts. *See id.* Indeed, HP acknowledges that its Section 1782 application is necessary because of the "protective orders in [the] ITC proceedings." Dkt. No. 1 at 9. Nokia Technologies Oy was able to produce highly confidential third party documents in the ITC at least in part because of the stringent confidentiality protections the ITC affords to litigants. Accordingly, this is not a mere re-production of documents from the ITC as HP suggests.

Furthermore, the additional burdens on Nokia Technologies Oy and the third parties are disproportionate to the needs of the German cases. The requested discovery is especially burdensome given that the German Court has already limited the scope of production to the 101 licenses Nokia Technologies Oy agreed to produce. *See* Fed. R. Civ. P. 26(d)(1); *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) (considering burden under Section 1782 by utilizing the Rule 26 framework); *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (same). The needs of the case have been defined by the German Court, and HP's additional requested discovery here is disproportionate in view of that. Therefore, HP's discovery requests are unduly burdensome to Nokia Technologies Oy and this factor also weighs against granting HP's Section 1782 application.

## IV.   **CONCLUSION**

For all the reasons stated above, the Court should deny HP's Section 1782 application.

Dated:  June 26, 2024                     By:   /s/ Ryan Koppelman

                                          Ryan W. Koppelman (SBN 290704)
                                          Srishti Ghosh (SBN 354393)
                                          **ALSTON & BIRD LLP**
                                          350 South Grand Avenue
                                          51st Floor
                                          Los Angeles, CA 90071
                                          Telephone:  213-576-1000
                                          Facsimile:  213-576-1100
                                          ryan.koppelman@alston.com
                                          maddie.ghosh@alston.com

                                          *Counsel for Nokia Technologies Oy*