UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS,<br><br>HP INC. AND HP DEUTSCHLAND GMBH,<br><br>           Applicants. | Case No.  24-mc-80120-BLF<br><br>**ORDER DENYING HP'S *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>[Re: ECF 1] |

Before the Court is an *ex parte* application filed by HP Inc. and HP Deutschland GmbH (collectively, "HP") pursuant to 28 U.S.C. § 1782, seeking leave to subpoena documents from Finnish company Nokia Technologies Oy in this district for use in defending against patent infringement actions Nokia Technologies Oy has filed against HP in Germany. *See* Applic., ECF 1. The *ex parte* application initially was assigned to Magistrate Judge Susan van Keulen, who ordered HP to serve the application on Nokia Technologies Oy. *See* Order for Service, ECF 3.

Nokia Technologies Oy declined magistrate judge jurisdiction and filed a substantive response to the application, arguing that it neither "resides" in nor "is found" in this district as required for issuance of a subpoena under § 1782. *See* Declination, ECF 10; Response, ECF 14. Even if that statutory requirement were satisfied, Nokia Technologies Oy argues, the Court should exercise its discretion to deny the application under the factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

The matter was reassigned to the undersigned on June 26, 2024. *See* Order Reassigning Case, ECF 12. This Court finds the application suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). HP's application is DENIED for the reasons discussed below.

## I. BACKGROUND

Nokia Technologies Oy, a Finnish Private Limited Company, is a wholly owned subsidiary of Nokia Corporation. *See* Talvimäki Decl. ¶¶ 2-4, ECF 14-1. Nokia Technologies Oy was incorporated in, and maintains its principal place of business in, Espoo, Finland. *See id.*

Nokia Technologies Oy owns patents that it claims are essential to the H.265 video coding standard. *See* Post Decl. ¶ 4, ECF 1-3. Nokia Technologies Oy entered into negotiations with HP regarding a possible license to those patents. *See id.* However, it appears that those negotiations did not result in a license to HP. *See id.* ¶¶ 4-6. Nokia Technologies Oy eventually commenced proceedings against HP before the United States International Trade Commission ("ITC"), and filed patent infringement actions against HP in multiple jurisdictions, including the United States, Brazil, and Germany. *See id.* ¶¶ 6-7.

As relevant here, Nokia Technologies Oy filed two patent infringement actions against HP in the Munich Regional Court ("German Proceedings"). *See* Arnold Decl. ¶ 1, ECF 14-4. In the German Proceedings, HP requested that the Munich Regional Court order Nokia Technologies Oy to produce broad categories of license agreements relating to the disputed technology. *See id.* ¶ 5. The Munich Regional Court ordered Nokia Technologies Oy to produce certain license agreements and denied HP's request for other license agreements. *See id.* ¶ 6.

HP now asks this Court to authorize issuance of a subpoena to Nokia Technologies Oy for production of license agreements beyond those authorized by the Munich Regional Court, as well as other documents relating to license negotiations and third party sales data. HP seeks those documents for use in defending against Nokia Technologies Oy's patent infringement claims against it in the German Proceedings.

## II. LEGAL STANDARD

HP's application is governed by 28 U.S.C. § 1782, which provides in relevant part:

> The district court of the district in which a person *resides or is found* may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

2

1   28 U.S.C. § 1782(a) (emphasis added).

2   "Section 1782's statutory language has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought "resides or is found" in the district of the district court where the application is made; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the application is made by a foreign or international tribunal or "any interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting § 1782(a)).

"[E]ven where an applicant satisfies § 1782's statutory prerequisites, the district court still retains substantial discretion to permit or deny the requested discovery." *Khrapunov*, 931 F.3d at 926 (citing Intel, 542 U.S. at 264-65). In exercising its discretion, a district court should consider the four factors identified by the Supreme Court in *Intel*: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

### III. DISCUSSION

HP asserts that the three statutory requirements for relief under § 1782 are satisfied here, and that the *Intel* factors weigh in favor of granting the application. In opposition, Nokia Technologies Oy argues that the first statutory requirement – that the person from whom the discovery is sought "resides or is found" in the district – is not satisfied. Nokia Technologies Oy also argues that even if all three statutory requirements were satisfied, the *Intel* factors weigh against granting the application.

#### A. Statutory Requirements

As set forth above, the statutory requirements for relief under § 1782 are: (1) the person from whom the discovery is sought "resides or is found" in the district of the district court where the application is made; (2) the discovery is "for use in a proceeding in a foreign or international

1    tribunal"; and (3) the application is made by a foreign or international tribunal or "any interested
2    person." *Khrapunov*, 931 F.3d at 925. There is no dispute that the second and third requirements
3    are satisfied. HP seeks the discovery at issue for use in proceedings before a foreign tribunal in
4    Germany (second requirement), and HP qualifies as an "interested person" because it is a party to
5    those proceedings (third requirement). However, Nokia Technologies Oy argues that the first
6    requirement is not satisfied, because it neither resides in nor is found in the Northern District of
7    California. HP does not argue that Nokia Technologies Oy, a Finland-based company, resides in
8    this district. However, HP contends that Nokia Technologies Oy is "found" in this district because
9    it maintains offices in the district.

10    For purposes of § 1782, a company is "found" in a district where it maintains an office,
11    even where the office is not its headquarters. *See In re Ex Parte Application of Qualcomm Inc.*,
12    162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) ("Through these in-district offices, Broadcom, Texas
13    Instruments and VIA Technologies conduct 'systematic and continuous local activities' and thus
14    may be found within the Northern District for the purposes of Section 1782."); *In re Ex Parte*
15    *Application of TPK Touch Sols. (Xiamen) Inc.*, No. 16-MC-80193-DMR, 2016 WL 6804600, at *2
16    (N.D. Cal. Nov. 17, 2016) ("First, HTC maintains an office in this district and is 'found' here for
17    purposes of Section 1782."). HP asserts that Nokia Technologies Oy maintains two offices within
18    this district, one in San Francisco, California and the other in Sunnyvale, California. HP directs
19    the Court to a webpage, https://www.nokia.com/fi_fi/nokia-technologies-contact-information, as
20    proof that Nokia Technologies Oy maintains offices in those locations. The webpage bears the
21    header "Nokia Technologies contact information," under which several office locations are listed,
22    including offices in San Francisco and Sunnyvale. However, it is entirely unclear from the
23    webpage whether those offices are maintained by Nokia Technologies Oy or a different Nokia
24    entity.

25    Nokia Technologies Oy submits evidence that it does not maintain offices at the San
26    Francisco or Sunnyvale locations listed on the webpage, and in fact does not maintain offices
27    anywhere in the United States. *See* Talvimäki Decl. ¶ 8. A different Nokia entity, New Jersey-
28    based Nokia of America Corporation, used to have offices at the California locations listed on the

4

1  webpage, but those offices were vacated in November 2020 (Sunnyvale) and April 2022 (San
2  Francisco). *See* Gelsi Decl. ¶¶ 4-5. Nokia of America Corporation maintains an office in
3  Sunnyvale, California at an address different from that listed on the cited webpage, but all
4  employees who work at the current Sunnyvale office are employed by Nokia of America
5  Corporation. *See id.* ¶¶ 5-6. None of the employees at the Sunnyvale office are employed by
6  Nokia Technologies Oy. *See id.* ¶ 7. Nokia Technologies Oy does not have any employees
7  located in California or anywhere else in the United States, does not own or lease property in
8  California or anywhere else in the United States, and is not registered to do business in California
9  or anywhere else in the United States. *See* Talvimäki Decl. ¶¶ 5-9.

Based on the record evidence, the Court concludes that Nokia Technologies Oy is not "found" in the Northern District of California. Because the first of the statutory requirements for discovery under § 1782 is not satisfied, HP's application is DENIED.

### B. *Intel* Factors

Having concluded that the statutory requirements for issuance of a subpoena under § 1782 are not satisfied, the Court need not decide how it would exercise its discretion under the *Intel* factors.

### IV. ORDER

(1) HP's application for an order authorizing discovery under § 1782 is DENIED.

(2) This order terminates ECF 1.

(3) The Clerk shall close this miscellaneous case.

Dated: July 16, 2024

_____
BETH LABSON FREEMAN
United States District Judge